# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER VIS, | No. 2:20-cv-0987 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STEVENSON, et al.. | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has not stated any cognizable claims, and gives plaintiff an opportunity to amend his complaint. In addition, this court recommends dismissal of one defendant.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

　　**A. Allegations of the Complaint**

Plaintiff is currently an inmate at Rio Consumnes Correctional Center ("RCCC"). He appears to complain of conduct that occurred both at RCCC and at the Sacramento County Jail ("Jail"). Plaintiff identifies the following defendants: (1) Jail Officer Stevenson; (2) RCCC Sergeant Spence; (3) Jail Deputy McLean; and (4) inmate Darrick Hurd.

Plaintiff's allegations are difficult to discern. He appears to be alleging that in November 2019 defendant McLean placed him in a cell knowing that he would be assaulted. He was then assaulted and raped by inmate Hurd. Other officers, including defendant Stevenson, "covered up" the rape. Plaintiff also appears to allege that he was denied necessary medical and counseling services, which he contends are required by the Americans with Disabilities Act ("ADA") and the Prison Rape Elimination Act ("PREA").

In a separate claim, plaintiff complains that the assessment under Penal Code § 1370 is taking too long. He also states that he is over-medicated.

Plaintiff seeks "early release from custody" and a reduction in the medications he states that he is being forced to take.

**B. Does Plaintiff State Cognizable Claims?**

Based on plaintiff's allegations, it appears that he is a pre-trial detainee at RCCC. It further appears that he was transferred from the Jail to RCCC for a determination of his competency pursuant to California Penal Code § 1370.

Plaintiff's complaint fails to state any claims for relief cognizable under 42 U.S.C. § 1983. He fails to explain just what each, individual defendant did that violated his constitutional rights. Plaintiff's complaint has several other problems.

First, plaintiff appears to be alleging unrelated claims against different defendants. Plaintiff is advised that in any amended complaint, he may only assert claims against different defendants if those claims arose out of the same transaction or occurrence. Fed. R. Civ. P. 20(a)(2). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Second, plaintiff identifies a defendant who may not be sued under § 1983. Defendant Hurd is an inmate. Only persons acting "under color of state law" are proper defendants under § 1983. Accordingly, this court will recommend defendant Hurd be dismissed from this action.

Third, plaintiff may not seek release from custody in § 1983. If he is challenging the basis for his custody, the proper vehicle is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004).

This court construes plaintiff's complaint to be an attempt to state the following claims: (1) failure to protect; (2) deliberate indifference to plaintiff's serious medical needs; (3) violation of the ADA; (4) violation of the PREA; and (5) involuntary administration of medication. Below the court briefly sets out the legal standards for each potential claim.

////

////

**1. Failure to Protect**

Jail officials have a duty, arising under the Due Process Clause of the Fourteenth Amendment, to protect detainees from violence at the hands of other detainees. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Youngberg v. Romeo, 457 U.S. 307, 321 (1982); Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). To state a Fourteenth Amendment failure-to-protect claim, a plaintiff must show:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (internal quotation marks and citations omitted).

To establish a failure to protect under the Fourteenth Amendment, as opposed to the Eighth Amendment, a plaintiff need not prove that the defendant was subjectively or actually aware of the level of risk. Castro, 833 F.3d at 1071 (citation omitted). The plaintiff need only show that a "reasonable officer in the circumstances would have appreciated the high degree of risk involved and that the officer['s] failure to take reasonable measures to protect [the plaintiff] caused his injuries." Id. at 1072. At the same time, mere negligence does not violate the Constitution. Id. at 1071 (citations omitted). A plaintiff "who asserts a due process claim for failure to protect [must] prove more than negligence but [something] less than subjective intent - something akin to reckless disregard." Id.

////

////

5

**2. Deliberate Indifference to Medical Needs**

"[M]edical care claims brought by pretrial detainees...'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishments Clause.'" Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (citation omitted). Therefore, "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." Id. at 1124-25. Accordingly, "the elements of a pretrial detainee's medical care claim against an individual defendant under the Due Process Clause of the Fourteenth Amendment are the same as those described above for a claim of failure to protect. A plaintiff must allege: (i) the defendant made an intentional decision with respect to the plaintiff's health care; (ii) that decision put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Id. at 1125. "The Ninth Circuit has held that "the requirements for mental health care are the same as those for physical health care needs." Doty v. Cnty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

**3. ADA**

If plaintiff is attempting to state a claim that a public program or service violated the ADA, he must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

**4. No Claim under the PREA**

The PREA, 42 U.S.C. §§ 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission. It does not, however, give rise to a private cause of action." Porter v. Jennings, No. 1:10-cv-1811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012) (collecting cases); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009); see also Blessing v. Firestone, 520 U.S.

329, 340-41 (1997) (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the PREA itself contains no private right of action, nor does it create a right enforceable under § 1983. To the extent plaintiff is attempting to allege that his rights under the PREA have been violated, he cannot state a claim for relief.

### 5. Involuntary Administration of Medication

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of medication. Washington v. Harper, 494 U.S. 210, 229 (1990). Although prisoners may be involuntarily medicated if they are a danger to themselves or others and the treatment is in their best medical interest, they must be provided with procedural protections to ensure that the decision to medicate them involuntarily is not arbitrary or erroneous. Id. at 227-28. The Harper procedural requirements may not, however, apply in an emergency situation. See Hogan v. Carter, 85 F.3d 1113, 1115-17 (4th Cir. 1996) (involuntary administration of medication to an inmate who "had been in the throes of an uncontrollable seizure for . . . three hours" was necessary to protect inmate from imminent, self-inflicted harm); Leeks v. Cunningham, 997 F.2d 1330, 1335 (11th Cir.1993) ("[T]he courts having concluded that under certain circumstances the involuntary administration of antipsychotic drugs were violative of due process, did so with an 'emergency exception.'" (Citations omitted.)).

A state can, however, consistent with due process, involuntarily medicate a pre-trial detainee during trial to render him competent to stand trial. Riggins v. Nevada, 504 U.S. 127, 135-36 (1992). While a pre-trial detainee retains a significant liberty interest in avoiding unwanted medication, medically appropriate involuntary medication would be justified if the state could establish that it "could not obtain an adjudication of [the inmate's] guilt or innocence by less intrusive means." Id. at 135-36.

### CONCLUSION

For the foregoing reasons, this court finds plaintiff has failed to state any claims for relief cognizable under 42 U.S.C. § 1983. Plaintiff will be given an opportunity to amend his complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above and consider the legal standards provided by the court. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

    1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

    3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

    4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

    5. The Clerk of the Court is directed to randomly assign a district judge to this case and to provide plaintiff with a copy of the prisoner complaint form used in this district.

Further, IT IS RECOMMENDED that plaintiff's claims against defendant Hurd be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

9

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 24, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/vis0987.scrn lta