UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER VIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVENSON, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0987 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is county inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On screening plaintiff's complaint, this court found plaintiff stated no claims cognizable under § 1983. Plaintiff was given the opportunity to file an amended complaint. (See ECF No. 4.) Since then, plaintiff has filed three documents with this court. In the first document, plaintiff appears to be seeking this court's intervention in decisions made to medicate him and finding him incompetent. (ECF No. 6.) Second, plaintiff again complains about these decisions and states that he will amend his complaint to allege human trafficking. (ECF No. 7.) In the third filing, plaintiff seeks the appointment of counsel. (ECF No. 8.)

**MOTION TO INTERVENE**

As best this court can discern from plaintiff's filings, plaintiff is a pretrial detainee who has been determined to be incompetent by a state superior court pursuant to California Penal Code § 1370. Plaintiff was originally detained at the Sacramento County Mail Jail and is now

1

1   detained at the Rio Cosumnes Correctional Center ("RCCC").  He states that he began

2   participating in the Jail Based Competency Treatment ("JBCT") program there on March 23,

3   2020.  Plaintiff alleges that he will be transferred to Napa State Hospital for "more competency

4   training."

5        Plaintiff also alleges that he is being involuntarily medicated.  Involuntary medication

6   requires a state court order.  See Cal. Penal Code §§ 2603 (non-emergency, involuntary

7   medication of jail inmate requires determination by superior court judge or court-appointed

8   referee); § 1370 (inmate found incompetent may be involuntarily medicated upon order of

9   administrative law judge).  Based on plaintiff's filings, it appears that plaintiff's involuntary

10  medication is the result of a state court order.

11       Both the determination of plaintiff's incompetency and the determination to involuntarily

12  medicate him were made by state courts.  This court may not intervene in those state court

13  proceedings.  The Rooker-Feldman doctrine provides that lower federal courts are without subject

14  matter jurisdiction to review state court decisions.  State court litigants may therefore only obtain

15  federal review by filing a petition for a writ of certiorari in the Supreme Court of the United

16  States.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983);

17  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  The Rooker-Feldman doctrine applies

18  even when the state court judgment is not made by the highest state court, see Worldwide Church

19  of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues

20  are at stake, see Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995), overruled on other grounds as

21  stated in Amphastar Pharm. Inc. v. Aventis Pharma SA, 856 F.3d 696, 710 (9th Cir. 2017).  The

22  Rooker-Feldman doctrine essentially bars federal district courts "from exercising subject matter

23  jurisdiction over a suit that is a de facto appeal from a state court judgment."  Kougasian v.

24  TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

25       Plaintiff's challenges to orders regarding his competency and medication appear to be de

26  facto appeals from decisions of a state superior or administrative court.  The Rooker-Feldman

27  doctrine bars this court from reviewing or vacating the order of the state court.  If plaintiff wishes

28  to challenge the state court order, his recourse is to appeal at the appropriate time.  See Cal. Penal

1  Code §§ 1370, 2603; Cal. Wel. & Inst. Code § 5334; see also People v. Christiana, 190 Cal. App.
2  4th 1040, 1045 (2010) ("an order determining the defendant to be incompetent and committing
3  him to a state hospital is appealable as a final judgment in a special proceeding").  Because the
4  federal court lacks jurisdiction to consider plaintiff's challenges to state court orders regarding
5  competency and medication, this court will recommend plaintiff's "motion to intervene" be
6  denied.[1]

## AMENDING THE COMPLAINT

To the extent plaintiff is attempting to amend his complaint by his recent filings, this court reminds plaintiff of the instructions provided in the June 25, 2020 screening order.  In order to amend his complaint, plaintiff must file a completely new complaint, label it a "first amended complaint," and use the complaint form provided to plaintiff previously by this court.  Plaintiff should carefully review the June 25 order to determine the other requirements for amending his complaint.

## MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In

---

[1] As noted by this court previously, to the extent plaintiff is seeking release from custody, the avenue for relief is the habeas corpus statute, 28 U.S.C. § 2254.  However, plaintiff is warned that he must first seek relief through the state courts by exhausting his state court remedies before he may seek relief under § 2254.  See 28 U.S.C. § 2254(b).

1 the present case, plaintiff has not demonstrated that he is raising any claims that this court may
2 consider. Accordingly, plaintiff has not demonstrated any chance of success on the merits of his
3 claims and appointment of counsel is not appropriate at this time.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 8) is denied; and

IT IS RECOMMENDED that plaintiff's motion to intervene (ECF No. 6) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/vis0987.tro fr